In re Bernie J. GRABLOWSKY, Helene F. Grablowsky, Debtors.

Bankruptcy No. 92–23974–A.

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Feb. 17, 1995.

amount includes interest that has accumulated on the principal balance due.

Barry R. Koch, for debtors.

Jack D. Maness, Trustee.

Joseph T. Libertore, for John Ainslie, Jr. and Sr.

Gregory L. Sandler, for RAM BAM 1.

Richard E. Biemiller, for First Union Nat. Bank and First American Bank.

## MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This matter is before the Court on the Notice of Intention to Sell Personal Property filed by the Trustee, Jack D. Maness, on December 22, 1994, and on the objections thereto filed by RAMBAM 1, Inc., the debtors, and by Jeffrey W. Ainslie and John W. Ainslie, Sr., as general partners of the part-

nerships identified below. For the reasons set forth herein, all of the objections are sustained in part and overruled in part. The Court directs the Trustee to sell the non-exempt partnership interests of the estate in Lisa Square Associates, L.P. ("Lisa L.P.") and Piper Apartment Associates, L.P. ("Piper L.P.") to the highest bidder for each interest after the submission to the Trustee of sealed bids on such terms and conditions as he deems appropriate.

## BACKGROUND

The debtors filed the subject Chapter 7 proceedings on July 9, 1992, at which time Mr. Grablowsky was the owner of partnership shares in Lisa L.P., and Piper L.P. Mr. Grablowsky exempted only $1.00 of the value of his interest in each partnership which was contested, and resulted in the appeal of the Bankruptcy Court's decision to the District Court. In an opinion and order handed down on September 3, 1993, the District Court affirmed Judge Tice's determination that the debtors had exempted only $1.00 of the value of each of the partnership interests and that the Trustee had the authority to sell the interests subject to the $1.00 reserved in each interest. *Addison v. Reavis,* 158 B.R. 53 (E.D.Va.1993), *aff'd* 32 F.3d 562 (4th Cir. 1994). The Trustee is now attempting to sell the estate's interests.

The Trustee negotiated the sale of the estate's interests in Lisa L.P., and Piper L.P., to John [sic] W. Ainslie and John W. Ainslie, Sr., and noticed all parties in interest of his intention to sell the subject partnership interests. The Trustee's negative notice is dated December 20, 1994, and objections were filed in response thereto.

The debtors object to the sales proposed and noticed by the Trustee on the grounds that the intended sales are not in the best interests of the estate and that the debtors should have the opportunity to bid on the interests being sold. The Ainslies claim that they have the exclusive right to purchase the interests pursuant to the notice and the respective partnership agreements which provide the remaining partners an option to purchase a withdrawing partner's interests. RAMBAM 1, Inc., an interested party, as-

serts that the Court must seek the highest value from the assets for the estate of the debtors by utilizing a sealed bid process.

## CONCLUSIONS OF LAW

The Court has reviewed the opinions of Judge Tice and the District Court, the partnership agreement of Lisa L.P., the applicable law and the argument of counsel. It is here noted that the only partnership agreement in the file is that relating to Lisa L.P., and that counsel for the Ainslies represented that the partnership agreement for Piper L.P., is identical in all pertinent respects. The Court is relying on that representation for the conclusions reached herein as they relate to Piper L.P.

■ First, neither Mr. Grablowsky nor the Trustee has sought to assume the partnership agreements in question and could not do so if the non-debtor partners objected. *Breeden v. Catron (In re Catron),* 158 B.R. 624 (Bankr.E.D.Va.1992); 11 U.S.C. § 365(c). Second, the Trustee of Mr. Grablowsky is not bound by the partnership agreements relative to the sale of the debtor's partnership interests and may sell the same in spite of any limitations set forth in the partnership agreements applicable to the interests being sold. 11 U.S.C. §§ 363(*l*) and 365(e)(2)(A).

■ It is equally clear that the debtors have no standing to object to the sale prices of the non-exempt partnership interests by the Trustee. However, the debtors may have the right to bid on the remainder of the two partnership interests being sold by the Trustee since there have been no objections interposed by any of the remaining partners to a purchase by the debtors of the non-exempt portion of the partnership interests. Since the debtor, Bernie Grablowsky, has retained a minimal portion of his former partnership interests through the exemption process, it would be illogical to now prevent him from increasing the amount of that reserved interest, if he so desires and is able to, when no one is objecting.

### The Partnership Agreements

■ In a non-bankruptcy setting, the purchase of the withdrawing partner's share by interested third parties is secondary to the exercise of the option to purchase retained solely by the remaining partners in the partnership agreement when a partner withdraws. This procedure recognizes the right of partners to associate with whom they choose and the law is loathe to deprive them of that freedom. *Finkelstein v. Security Properties, Inc.,* 76 Wash.App. 733, 888 P.2d 161 (1995). However, the key to resolving the issues in this case is the triggering of the event of withdrawal. The pertinent provision of the partnership agreement for Lisa L.P., is Article XIV, Section 14.1:

> A Person shall cease to be a General Partner upon the transfer of his entire interest in the Partnership or upon his removal pursuant to Section 14.3 hereof, withdrawal in accordance with Section 14.4 hereof, death, adjudication of incompetence or any of the other events set forth in Section 50–73 of the Act [of the Code of Virginia, 1950, as amended]. Upon the occurrence of any such event ... the remaining General Partners shall have the option to purchase the interest of the terminated General Partner, pro rata.

As indicated, there is no representation that all of the remaining general partners have determined to exercise the option to purchase Mr. Grablowsky's partnership interests on a pro rata basis in accordance with the terms and conditions contained in the respective partnership agreements. The section of the Code of Virginia referred to in the cited portion of the Lisa L.P., partnership agreement provides in pertinent part:

> [e]xcept as approved by the written consent of all partners at the time, a person ceases to be a general partner of a limited partnership upon the happening of any of the following events:
>
> 4. Unless otherwise provided in writing in the partnership agreement, the general partner (i) makes an assignment for the benefit of creditors; (ii) *files a voluntary petition in bankruptcy* ...

Va.Code. § 50–73.28 (1950) (emphasis added). This Court has long been concerned with the provisions of Virginia law which are clearly contrary to the provisions of the Bankruptcy Code, and the foregoing is one of the most

obvious ones. It is that "... complex and often tortuous interaction between the Bankruptcy Code, state partnership law, and a general partnership agreement" that causes courts consternation. *In re Cutler*, 165 B.R. 275, 276 (Bankr.D.Ariz.1994).

### No Exclusive Right to Purchase

■ The Ainslies argue that the partnerships agreements and the order of relief entered by Judge Tice on January 6, 1993, are binding on this Court to the effect that the Ainslies were granted an exclusive right to purchase the estate's non-exempt interests in the two partnerships. *Ainslie v. Grablowsky (In re Grablowsky)*, 149 B.R. 402 (Bankr. E.D.Va.1993), *aff'd* 32 F.3d 562 (4th Cir. 1994). It is clear that the previous order of relief was granted by Judge Tice on the basis of the motion filed and the state of the record before him. There were no other parties known to be interested in the purchase of the remaining partnership interests in November, 1992, when the hearing was held on the motion for relief from stay filed by the Ainslies. Therefore, the Court could only deal with the motion presented and granted the moving parties the right to purchase, but not to the exclusion of all others, the partnership interests offered for sale by the Trustee.

The order of relief of January 6, 1993, was affirmed on appeal, and before the sale to the Ainslies could be consummated, others expressed interest to the Trustee in purchasing the estate's partnership shares. As a result of additional interest in the partnership units and as required by the Bankruptcy Code and the Bankruptcy Rules, the Trustee noticed his intention to sell the several interests in December, 1994, for the purpose of allowing all parties in interest to evaluate the propriety of the intended sales. The Court in January, 1993, could not be required to anticipate more interest in purchasing assets of the estate than that presented to it by the Trustee, whose duty it is to marshall and liquidate such assets. Judge Tice's order of relief in no way limited the discretion of the Trustee in disposing of assets, but merely addressed the relief requested at the time of the hearing. The order of relief does not operate, under either the doctrines of *res judicata* or collateral estoppel, to limit the Trustee's ability to maximize the value of the assets of the estate for the benefit of the creditors, as urged by the Ainslies.

### Bankruptcy Law vs. State Law

■ Underlying the argument by the Ainslies that they are the only persons with the legal right to purchase the remaining partnership interests of Bernie Grablowsky in accordance with the terms of the partnership agreements, is an incorrect presumption that state law and the contract prevail over bankruptcy law.[1] Under 11 U.S.C. § 365(e)(1), a contract of the debtor may not be terminated or modified, nor may any right or obligation under such contract be terminated or modified at any time after the commencement of the case solely because of a provision in such a contract or lease that is conditioned on the filing of a petition in bankruptcy. Although the parties have not raised the issue of whether the partnership agreements are executory, this Court agrees with the analysis of the *Cutler* court that, "... while the application of executory contract principles may make sense in connection with management issues, it does not make sense in the definition of property interests." *In re Cutler*, 165 B.R. at 280. The Trustee has not attempted to assume the executory partnership agreements in order to participate in the management of Lisa L.P., and Piper L.P. We find that the distinction between property interests and management rights is paramount to the application of the ipso facto clause invalidation of 11 U.S.C. § 365(e)(1), especially where applicable state law allows the non-debtor party to refuse performance of the executory contract by a stranger.

It is clearly the duty of the Chapter 7 trustee to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(1). To assist in that process, the Trustee may sell an estate asset free and clear of all restrictions and notwithstanding any contractual limitation on alienation or liquidation. 11 U.S.C.

---

1. The partnership issues in this case are not of the kind dealt with by the Court in *In re Catron*, 158 B.R. 624 (Bankr.E.D.Va.1992), *aff'd* 25 F.3d 1038 (4th Cir.1994).

§§ 363(*l*) and 541(c)(1)(B). The Court in *In re Cutler*, thoroughly analyzed the interplay between the Bankruptcy Code and applicable state law. That Court's conclusion is applicable here.

> As stated above, Section 541(c)(1)(B) vests that property, here the partnership interest, in the estate, free and clear of any restriction or modification that is triggered by the Debtor's having filed bankruptcy. Further, Section 363(1) provides that, subject to the provisions of Section 365, the trustee may sell such property 'notwithstanding any provision in a contract ... that is conditioned ... on the commencement of a case under this title concerning the debtor ... and that effects ... a forfeiture, modification, or termination of the debtor's interest in such property.'

> > Read together and applied to these facts, these provisions lead to the conclusion that the Trustee has the right and the obligation to liquidate the Debtor's partnership interest and that he may do so notwithstanding any provision in the Agreement which purports to limit or modify that right.

*In re Cutler*, 165 B.R. at 278.

Judge Case in *Cutler* also cites the similar conclusion of the Tenth Circuit in *Connolly v. Nuthatch Hill Assocs. (In re Manning)*, 831 F.2d 205 (10th Cir.1987).

While the partnership agreements in the case *sub judice* are not punitive in that they provide for the purchase of the debtor's interest at the fair market value, they are limiting in derogation of the Bankruptcy Code by purporting to preclude the sale of the interests by the Trustee to third parties who may be willing to pay the estate more than the fair market value for the interests. The estate is entitled to any bonus that may arise from the freedom to sell such interests to any willing purchaser; only in that way can the Trustee realize the greatest value of the assets for the estate. This Court is in accord with the reasoning of *Cutler* that the invalidation of ipso facto clauses is appropriate where there must be an interpretation of the trustee's right to sell property interests of the estate, including the debtor's partnership interests. Therefore, the partnership agreements' ipso facto clauses are invalid for the reasons stated, and the Trustee is authorized to sell the estate's interests to third parties in the most appropriate manner to maximize the values of those assets.

For the foregoing reasons, the Trustee is ORDERED to sell the estate's non-exempt interests in Lisa L.P. and Piper L.P. through the advertising for and the receipt of sealed bids from any party interested in the purchase of the interests, on such terms and conditions as the Trustee deems most appropriate, which sale is subject to the approval of the Court.