In re The IT GROUP, INC., CO., et al., Debtors.

Northrop Grumman Technical Services, Inc., et al., Appellants,

v.

The Shaw Group Inc., et al., Appellees.

The Shaw Group Inc., Appellant,

v.

Northrop Grumman Technical Services, Inc., et al., Appellees.

The IT Group, Inc., Appellant,

v.

Northrop Grumman Technical Services, Inc., et al., Appellees.

Bankruptcy No. 02–10118–MFW. CIV.A.02–1506–JJF, CIV.A.02–1507–JJF, CIV.A.02–1508–JJF.

United States District Court, D. Delaware.

Sept. 30, 2003.

Laurie Selber Silverstein, Esquire and William A. Hazeltine, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Of Counsel: Karen L. Manos, Esquire of Howrey, Simon, Arnold & White, LLP, Washington, D.C. Buckmaster de Wolf, Esquire of Howrey, Simon, Arnold & White, LLP, San Francisco, California, for Northrop Grumman Technical Services, Inc. and Wackenhut Services, Inc.

Philip Trainer, Jr., Esquire, Christopher S. Sontchi, Esquire, Carolyn S. Hake, Esquire of Ashby & Geddes, Wilmington, Delaware, for The Shaw Group, Inc.

Gregg M. Galardi, Esquire, Marion M. Quirk, Esquire and Gary A. Rubin, Es-

quire of Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, Delaware. Of Counsel: Timothy R. Pohl, Esquire of Skadden, Arps, Slate, Meagher & Flom (Illinois), Chicago, Illinois for Debtors and Debtors–in–Possession.

## MEMORANDUM OPINION

FARNAN, District Judge.

Before the Court is an appeal by Northrop Grumman Technical Services, Inc. and Wackenhut Services, Inc. (collectively "Northrop" or the "Members") and a cross-appeal by the Shaw Group, Inc. and the Debtors, IT Group, Inc. (collectively "Shaw") and their affiliates from the June 20, 2002 Order of the United States Bankruptcy Court (the "Order"). By its appeal, Northrop requests the Court to affirm that portion of the Order holding that the assumption of the Debtors' bare economic interest was subject to the Members' right of first refusal under the Operating Agreement and reverse that portion of the Order holding that the default provision in the Operating Agreement is not enforceable. By its cross-appeal, Shaw requests the Court to affirm that portion of the Order holding that the default provision is not enforceable and reverse that portion of the Order holding that the assumption and assignment of the Debtors' bare economic interest was subject to the Members' right of first refusal. For the reasons discussed, the Court will affirm the Bankruptcy Court's June 20, 2002 Order.[1]

## I. The Parties' Contentions

The instant appeal and cross-appeal arise in connection with the parties' in-volvement in The Space Gateway Support, LLC. The Debtors, Northrop Grumman Technical Services, Inc. and Wackenhut Services, Inc. are members of The Space Gateway Support LLC, and the obligations and rights of the members are set forth in the Operating Agreement of The Space Gateway Support, LLC (the "Operating Agreement"). After filing for bankruptcy, the Debtors attempted to transfer their rights under the Operating Agreement to Shaw.

A. *Northrop's Contentions On Appeal That The Bankruptcy Court Erred In Concluding That The Default Provision Was Not Enforceable*

By its appeal, Northrop contends that the Bankruptcy Court correctly concluded that the Debtors could not transfer their membership rights to Shaw without the consent of the remaining members of The Space Gateway Support, LLC. Northrop also contends that the Bankruptcy Court correctly concluded that the Debtors could assign their bare economic interest to Shaw, subject to the right of first refusal of the Members in the Operating Agreement. However, Northrop contends that the Bankruptcy Court erred in concluding that the default provision under the Operating Agreement was unenforceable.

The default provision is directly related to the value of the Debtors' bare economic interest. If the Debtors are in default as a result of their bankruptcy, as urged by Northrop, then Northrop would be entitled to exercise its buyout rights to purchase the Debtors' economic interest. This would, in turn, cap the value of the Debt-

---

1. In reaching its decision in this case, the Court notes that the issues before it present a close legal question. The Court commends the parties for their excellent presentation of the issues in their respective briefs, and notes that oral argument would likely have been equally as impressive. However, given the Court's limited role in the appellate process of Bankruptcy Court decisions, the Court believes it best to address the issues in this case in a limited manner so as to allow the parties to move this case to the Third Circuit for a final disposition.

ors' economic interest at an amount equivalent to the value of their accrued capital account on the date of the Debtors' bankruptcy petition. If the Debtors are not in default, then Northrop would not be entitled to exercise its buyout rights and the Debtors' economic interest would be their ongoing rights to profits and losses from The Space Gateway Support, LLC.

Although Northrop recognizes that default provisions are generally not enforceable as under 11 U.S.C. § 365(e)(1), Northrop maintains that the exception under 11 U.S.C. § 365(e)(2)(A) applies such that the default provision in the Operating Agreement is enforceable. Northrop maintains that the Bankruptcy Court correctly applied this analysis in examining the membership rights under Section 365(c), but then failed to apply this same analysis when it examined the economic interest under Section 365(e), even though the language of Section 365(e) is virtually identical to the language of Section 365(c). Because the Debtors were found to be in default insofar as their membership rights were concerned, Northrop contends that the Debtors should likewise be found to be in default insofar as their economic interests are concerned. According to Northrop, the Debtors are either in default of the Operating Agreement or they are not, and there is no reason to apply a different analysis to the question of economic rights. In support of its position, Northrop advances the decision of the United States District Court for the Eastern District of Virginia in *In re Catron*, 158 B.R. 629 (E.D.Va.1993).

B. *Shaw's Contentions On Cross–Appeal That The Bankruptcy Court Erred In Concluding That The Right Of First Refusal Was Enforceable*

By its cross-appeal, Shaw contends that the Bankruptcy Court erred as a matter of law when it concluded that the Debtors' assumption and assignment to Shaw and Shaw's assumption of the Debtors' economic interest is subject to the Members' right of first refusal. Specifically, Shaw contends that the right of first refusal contained in Section 11 of the Operating Agreement is in conflict with Section 365 of the Bankruptcy Code because it is essentially an *ipso facto* clause. Pursuant to Section 365(f)(2)(B), Shaw contends that the Debtors' economic interest may be assumed and assigned, so long as adequate assurances are provided. Shaw further contends that Section 365(f) invalidates the right of first refusal provision, because it impermissibly restricts or conditions the assignment, even though it does not prohibit the assignment outright.

## II. Standard of Review

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

## III. DISCUSSION

A. *Whether The Bankruptcy Court Erred In Concluding That The Default Provision Is Not Enforceable Such That Northrop Is Precluded From Exercising Its Buy–Out Rights Under The Operating Agreement*

■ By its appeal, Northrop contends that the Bankruptcy Court erred in concluding that the default provision was not enforceable, thereby precluding Northrop from exercising its buy-out rights under the Operating Agreement. Reviewing this clause in light of the applicable law, the Court concludes that the Bankruptcy Court correctly concluded that the default provision is an *ipso facto* clause which is unenforceable under Section 365(e)(1) of the Bankruptcy Code.[2]

■ Northrop contends that although the default provision is an *ipso facto* clause, it is enforceable under Section 365(e)(2)(A), because applicable law excuses the Members from accepting performance from or rendering performance to an assignee of the Debtors' interest.[3] The Court disagrees with Northrop and concludes that the Bankruptcy Court correctly analyzed this issue. Under 6 Del. C. § 18–702(b)(2), the members of an LLC are permitted to assign their bare economic interests to another entity. In pertinent part, Section § 18–702(b)(2) provides that an assignee is "entitled to share in such profits and losses, to receive such distribution or distributions, and to receive such allocation of income, gain, loss, deduction or credit or similar item to which the [debtor] was entitled." Because the applicable law does not excuse the Members from rendering economic performance to an assignee, the Court concludes that Section 365(e)(2)(A) does not apply and the default provision is unenforceable as an *ipso facto* provision. *See e.g. In re Manor Place Dev. Assoc., L.P.,* 144 B.R. 679, 686 (Bankr.D.N.J.1992).

B. *Whether the Bankruptcy Court Erred In Concluding That the Members' Right Of First Refusal Is Enforceable*

■ By its cross-appeal, Shaw contends that the Bankruptcy Court erred in con-

---

2. In pertinent part, Section 365(e)(1) provides:

(e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, or any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;
(B) the commencement of a case under this title; or
(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11 U.S.C. § 365(e)(1).

3. Section 365(e)(2)(A) provides:

(2) Paragraph (1) of this subsection does not apply to an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(A)(i) *applicable law* excuses a party, other than the debtor, to such contract or lease *from accepting performance from or rendering performance to the trustee or to an assignee of such contract or lease,* whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
(ii) such party does not consent to such assumption or assignment . . .

11 U.S.C. § 365(e)(2)(A) (emphasis added).

cluding that the Members' right of first refusal is enforceable. After reviewing the decision of the Bankruptcy Court under a plenary standard of review, the Court concludes that the Bankruptcy Court correctly concluded that the right of first refusal is enforceable in this case. As Northrop correctly points out, the Members' right of first refusal is not an *ipso facto* clause. Rather, the right of first refusal is triggered by any transfer (other than a transfer to an affiliate) and not by a member filing for bankruptcy. Where, as here, the right of first refusal clause is not an *ipso facto* provision, courts have concluded that a right of first refusal is enforceable notwithstanding the fact that the debtor is in bankruptcy. *See e.g. In re Todd,* 118 B.R. 432, 435 (Bankr.D.S.C.1989); *In re Gibson,* 1995 Bankr.LEXIS 1727, *4–5 (Bankr. E.D.Va. Aug. 21, 1995); *In re Six,* 190 B.R. 958, 961 (Bankr.M.D.Fla.1995); *see also In re Baquet,* 61 B.R. 495, 500 (Bankr. D.Mont.1986).

In support of its position that the right of first refusal is not enforceable, Shaw advances several cases including *In re Mr. Grocer, Inc.,* 77 B.R. 349 (Bankr.D.N.H. 1987). However, the Court finds these cases distinguishable, because they address only *ipso facto* clauses. *See also In re Daugherty,* 188 B.R. 607, 608 (Bankr. D.Neb.1995); *In re Grablowsky,* 180 B.R. 134, 138 (Bankr.E.D.Va.1995); *Cutler v. Cutler,* 165 B.R. 275, 276 (Bankr.D.Ariz. 1994).

■ Relying on *Mr. Grocer* and a recently decided case in the Middle District of Tennessee, *Ramco–Gershenson Properties, L.P. v. Service Merchandise Company, Inc.,* 293 B.R. 169 (M.D.Tenn. Mar.13, 2003), Shaw also contends that the right of first refusal is not enforceable under Section 365(f) because it "prohibits, restricts or conditions the assignment" of the contract. The Court observes that few cases have addressed the right of first refusal in the context of Section 365(f), and the Court is not aware of any Third Circuit precedent addressing rights of first refusal under Section 365(f). Courts have recognized, however, that the Bankruptcy Court does retain some discretion in determining whether provisions that do not explicitly prohibit assignment qualify as de facto anti-assignment clauses rendering them unenforceable. *See e.g. In re E–Z Serve Convenience Stores, Inc.,* 289 B.R. 45, 49–50 (Bankr.M.D.N.C.2003) (citing *In re Joshua Slocum, Ltd.,* 922 F.2d 1081, 1090 (3d Cir.1990) and discussing rights of first refusal in context of leases). In the circumstances of this case, the Court agrees with the Bankruptcy Court that the right of first refusal is not an unenforceable restraint on assignment. As the Court has observed, courts have enforced rights of first refusal in the bankruptcy context, and the Court is not persuaded that enforcing the right of first refusal in this case would hamper the Debtors' ability to assign the property or foreclose the estate from realizing the full value of the Debtors' interest in The Space Gateway Support, LLC.

■ Lastly, to the extent that Shaw suggests that public policy militates against enforcement of the right of first refusal because the procedures implicated by the exercise of the right are too onerous, the Court disagrees with Shaw. Shaw has already provided the Members with some figures related to its allocation of the purchase price of the Debtors' economic interest in The Space Gateway Support, LLC. The Bankruptcy Court has not expressed concern over future hearings that may be needed to resolve this issue and the requirement of allocation is not unique to bankruptcy cases. Rather, the holder of a right of first refusal is entitled to an allocation of the purchase price when the

asset subject to the right of first refusal is part of a package[4], and to conclude that allocation procedures render the right of first refusal unenforceable would be to usurp a cognizable property right set forth by state law, a result which the Court believes would be counter to sound public policy. Accordingly, the Court will affirm that portion of the Bankruptcy Court's order enforcing the Members' right of first refusal.

## IV. CONCLUSION

For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court dated June 20, 2002.

An appropriate Order will be entered.

### *FINAL ORDER*

At Wilmington, this 30th day of September 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED THAT the June 20, 2002 Order of the Bankruptcy Court is AFFIRMED.

---

4. *See e.g. Pantry Pride Enters., Inc. v. Stop & Shop Cos., Inc.*, 806 F.2d 1227, 1228–29 (4th Cir.1986) (recognizing that right of first refusal cannot be defeated by selling package of assets); *Shell Oil Co. v. Trailer & Truck Repair, Co.*, 828 F.2d 205, 210 (3d Cir.1987) (relying on *Pantry Pride* to enforce right of first refusal).